UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERNEST E., III,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C21-5053 RAJ

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

    Plaintiff appeals denial of his application for Disability Insurance Benefits. Plaintiff contends the ALJ erred by discounting his testimony and three medical opinions. Dkt. 9. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

    Plaintiff is 47 years old, has a high school education, and has worked as a diesel mechanic. Dkt. 5, Admin. Transcript (Tr.) 32. Plaintiff applied for benefits in March 2018, and alleges disability as of December 10, 2017. Tr. 16, 168. The ALJ conducted

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 1

hearings in October 2019 and July 2020.  Tr. 69-143.  In August 2020, the ALJ issued a decision finding Plaintiff not disabled from the alleged onset date through his date last insured of December 31, 2018.  Tr. 15-34.

In pertinent part, the ALJ found Plaintiff had severe spine impairments, left knee degenerative joint disease, post-traumatic stress disorder (PTSD), and major depressive disorder.  Tr. 19.  The ALJ found, with Plaintiff's impairments, he retained the residual functional capacity (RFC) to perform simple, sedentary work and would frequently need to use a cane to ambulate.  Tr. 22.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.   Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence.  *Trevizo*, 871 F.3d at 678.

The ALJ discounted Plaintiff's testimony based on inconsistency with objective medical evidence, improvement with treatment, and his activities.  Tr. 28-29.

### 1. Objective Medical Evidence

"Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). However, mere "lack of medical evidence cannot form the sole basis for discounting [symptom] testimony[.]" *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

The Commissioner acknowledges abnormal clinical findings such as lumbar tenderness, chondral fissuring, left knee crepitus, degenerative changes, stenosis, and decreased cervical range of motion and sensation, yet argues the presence of some normal results, such as knee and lumbar range of motion, strength, and sensation, undermined Plaintiff's testimony. Dkt. 10 at 4-5. While these normal findings may not support Plaintiff's testimony, they do not contradict it.

Contradiction by objective medical evidence was not a clear and convincing reason to discount Plaintiff's testimony.

### 2. Improvement

Impairments that can be "controlled effectively" by medication or treatment are not considered disabling for purposes of determining eligibility for Social Security benefits. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). However, that a claimant "makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

The Commissioner argues Plaintiff's "neck pain improved after surgery, and he reported doing better overall." Dkt. 10 at 6. Treatment notes the Commissioner cites reveal that while Plaintiff's neck "improved" after surgery, he "still [had a] considerable amount of pain." Tr. 1535-36; *see also* Tr. 1539 ("doing better" but "still having some pain"). These notes are not substantial evidence of effective control of Plaintiff's symptoms.

The Commissioner also cites a treatment note stating pain medication reduced Plaintiff's pain. Dkt. 10 at 6. However, this note referred to a medication that "was effective" but had been discontinued after surgery. Tr. 2527. Plaintiff's "current pain regimen" was not as effective. *Id*.

Improvement with treatment was not a clear and convincing reason to discount Plaintiff's testimony.

**3.     Activities**

An ALJ may discount a claimant's testimony based on daily activities that contradict her testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

The Commissioner cites shopping for up to 40 minutes, which was longer than the five minutes Plaintiff testified he could stand and 30 minutes he testified he could sit. Dkt. 10 at 7. However, shopping largely consists of walking, not sitting or standing. Plaintiff testified he has his "cane with [him] and … usually ha[s] all [his] weight rested on the shopping cart." Tr. 103. Shopping thus did not contradict Plaintiff's testimony.

The Commissioner contends a treatment note stating Plaintiff performed house

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 4

and yard work contradicted his testimony that his wife completed "essentially" all house and yard work.  Dkt. 10 at 7.  Plaintiff never testified he did no house or yard work at all.  Plaintiff testified he "tr[ies] to help out, but … can't do much.  [He] can do very little … at a time."  Tr. 52.  He "can throw a load of wash in" and he and his wife "will cook dinner together."  *Id*.  Because Plaintiff can do very little, "unfortunately, [his wife] ends up having to take care of all the yardwork and everything else around the house."  *Id*.  A September 2018 treatment note states Plaintiff is "unable to exercise outside of chores he does in the yard and around the house."  Tr. 2527.  The treatment note is not inconsistent with Plaintiff's testimony that he is able to do a small amount of house and yard work.

The Commissioner also cites driving and using a riding lawnmower, but fails to explain how this contradicts Plaintiff's testimony.  Dkt. 10 at 7.  Plaintiff testified he drives very little, will only drive in the morning before taking pain medication, and must turn his whole upper body instead of turning his neck to accommodate his neck pain.  Tr. 52-53, 93.

Inconsistency with activities was not a clear and convincing reason to discount Plaintiff's testimony.

The Court concludes the ALJ erred by discounting Plaintiff's testimony.

**B.**    **Medical Opinions**

Because Plaintiff filed his claim after March 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence.  The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 5

and consistency factors, 20 C.F.R. § 404.1520c(a)-(b), and that reasoning must remain legitimate. *See Thomas S. v. Comm'r of Social Sec.*, No. C20-5083 RAJ, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020). The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

1. **Marsha K. Hiller, PT**

Ms. Hiller performed a Functional Capacity Evaluation in August 2018 and opined Plaintiff could sit 80 minutes, stand 80 minutes, and walk 80 minutes total per day, changing positions every 10 minutes. Tr. 1810. Ms. Hiller opined he was restricted from reaching with the left arm. Tr. 1809.

The ALJ found Ms. Hiller's opinions "not persuasive" based on internal inconsistency and conflict with the medical evidence. Tr. 30-31.

The ALJ found Ms. Hiller's opined limitation of 80 minutes walking per day inconsistent with her notation of "No walking at all." Tr. 1809. However, the perceived inconsistency was based on misinterpreting Ms. Hiller's report. Ms. Hiller wrote that Plaintiff's "walking tolerance does not meet the Demand Minimum Functional Capacity requirement of walking for one mile continuously [at] 2 mph." Tr. 1807. Under "Job Factor Restrictions," Ms. Hiller wrote "No walking at all. The patient could not walk at the minimum required speed." Tr. 1809. Ms. Hiller's finding that Plaintiff could not walk fast enough to fulfill a job requirement does not conflict with her opinion that he could walk, at his own pace, for up to 80 minutes per day. Internal inconsistency was not

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 6

a valid reason to discount Ms. Hiller's opinions.

The ALJ rejected Ms. Hiller's opined limitation on left arm reaching because Plaintiff did not have a medically determinable impairment specific to the left arm. Tr. 31. This was a valid reason to discount the left arm reaching limitation.

The ALJ found Ms. Hiller's opinions inconsistent with examination findings such as normal range of motion, strength, and sensation, and negative straight leg raise testing. Tr. 31. As the ALJ acknowledges, however, the same examination found lumbar tenderness, and the record is replete with other abnormal findings. The ALJ offered no reason the selected normal findings contradict or undermine Ms. Hiller's opinions. Plaintiff's ability to sit, for example, is limited by pain, not by loss of muscle strength or sensation. Conflict with medical evidence was not a valid reason to discount Ms. Hiller's opinions.

The Court concludes the ALJ erred by discounting Ms. Hiller's opinions, except regarding left arm reaching.

**2.     Peter Meis, M.D.**

Dr. Meis examined Plaintiff in June 2018 and opined Plaintiff had a "poor" ability to work without special or additional instruction, "impaired" ability to maintain attendance, and "fair to poor" ability to interact with coworkers and the public. Tr. 1802.

The ALJ found Dr. Meis' opinions "not persuasive" because they relied heavily on Plaintiff's self-reports, were vague, and were inconsistent with minimal mental health treatment and normal findings throughout the record. Tr. 30.

a) **Based on Plaintiff's Self-Reports**

"If a treating provider's opinions are based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)). Here, however, the ALJ erred by discounting Plaintiff's self-reports. Overreliance on Plaintiff's self-reports was not a valid reason to discount Dr. Meis' opinions.

b) **Vague**

The ALJ noted in passing that Dr. Meis' opinion "provid[ed] somewhat vague statements" regarding functional limitations." Tr. 30. The Commissioner argues Dr. Meis' use of terms such as "poor," "fair," "somewhat," and "likely" are so "nebulous" that Dr. Meis' opinion may not even "meet the basic requirements of a medical opinion." Dkt. 10 at 13. The terms the Commissioner criticizes are normal English words, no less meaningful and specific than typically found in medical opinions utilized in Social Security disability proceedings. Moreover, the ALJ clearly regarded Dr. Meis' opinion as a medical opinion, because he referred to it as such and analyzed it as a medical opinion. *See* Tr. 31.

Vagueness was not a valid reason to discount Dr. Meis' opinions.

c) **Minimal Treatment**

Plaintiff received psychiatric treatment beginning in 2013 and continuing

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 8

throughout the period at issue here. *See* Tr. 3568. The ALJ failed to explain what further treatment would be expected for Plaintiff's conditions. Lack of treatment was not a valid reason to discount Dr. Meis' opinions.

        **d)**        **Normal Findings**

Inconsistency with objective evidence in the medical record can be a valid reason for rejecting the opinion of an examining doctor. *Ford*, 950 F.3d at 1156.

The ALJ cited "appropriate or normal mood and affect" observations in the record, but failed to explain how these would contradict Dr. Meis' opinions. Tr. 30. The Commissioner argues generally that "these unremarkable findings did not comport with the extreme limitations Dr. Meis assessed," but fails to identify any actual conflict. Dkt. 10 at 12-13. The cited records reveal brief notations of appropriate mood or affect, but not the type of in-depth psychological examination Dr. Meis conducted. *See, e.g.*, Tr. 1955 ("General" observations include "Normal mood and affect."). Dr. Meis observed abnormalities in attitude and behavior, psychomotor activity, speech, and immediate memory, none of which were tested in the records the Commissioner cites. Tr. 1800-01.

Normal findings in the record were not a valid reason to discount Dr. Meis' opinions.

        **e)**        **Other**

The Commissioner argues Dr. Meis' observations that Plaintiff was "polite and cooperative" contradict his opinion of limitations on interpersonal interactions. Dkt. 10 at 12. This is an improper *post hoc* argument upon which the Court cannot rely. *See*

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 9

*Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995). Moreover, Dr. Meis' opinion was supported by his observations that Plaintiff's speech was "[m]onotone and low volume with a simple vocabulary," his affect was "[d]own and depressed," he was "slightly psychomotor retarded," and he appeared "somewhat reserved," all of which would impact his interpersonal interactions. Tr. 1800.

Similarly, the Commissioner's argument against Dr. Meis' limitation on simple tasks because it was based on the cognitive examination, which showed few errors, is a *post hoc* argument on which the Court cannot rely. Dr. Meis explained his opinion further, stating Plaintiff could "probably be expected to do very menial and repetitive work," an opinion the ALJ apparently accepted, as he limited Plaintiff to simple, routine work. Tr. 1802; Tr. 22.

The Court concludes the ALJ erred by discounting Dr. Meis' opinions without a valid reason.

### 3. Treating Psychiatrist Pietro M. Poletti, M.D.

In May 2020, Dr. Poletti wrote a letter describing Plaintiff's struggles with PTSD and injuries, concluding Plaintiff "is not able to live and function in society and, let alone, work productively at any endeavor." Tr. 3569. The ALJ rejected this as an opinion on the ultimate question of disability, which is reserved to the Commissioner. Tr. 31; 20 C.F.R. § 404.1520b(c)(3). However, Dr. Poletti's letter also contained many specific functional limitations, such as that Plaintiff "finds it impossible to accept and to tolerate changes in routine" and "systematically isolate[s] himself." Tr. 3568-69. Failure to

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 10

either incorporate Dr. Poletti's opined limitations or provide reasons to reject them was error. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Plaintiff's testimony and the opinions of Ms. Hiller, Dr. Meis, and Dr. Poletti; reassess the RFC as appropriate; and proceed to step five as necessary.

DATED this 26th day of July, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 11